UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY,** ) | **CASE NO.1:14CV236** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **ELECTROLUX HOME PRODUCTS,** ) | **OPINION AND ORDER** |
| **INC., ET AL.,** ) | |
| ) | |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Electrolux Home Products, Inc.'s ("Electrolux") Motion for Judgment on the Pleadings or in the Alternative to Transfer Venue (ECF # 15).  For the following reasons, the Court finds its lacks personal jurisdiction over Defendant and transfers the case to the United States District Court for the Northern District of California.

Plaintiff's cause of action arises from a fire that occurred on February 4, 2012, in Sonoma, California.  The fire occurred at the residence of Marco Echeverria and was allegedly caused by lint igniting in a dryer manufactured by Defendant.  Echeverria was insured under a Homeowners Policy issued by Plaintiff Allstate Insurance Company

("Allstate").  Allstate settled the claim with Echeverria and obtained Echeverria's rights under a subrogation clause in the policy.  Allstate now seeks to recover its losses from Electrolux in the amount of $117,459.04 under a negligence/product liability theory.

According to Electrolux, the sole basis for personal jurisdiction alleged in Plaintiff's Complaint is that Defendant's principal place of business is within this District.  Defendant disavows this allegation and, by way of affidavit, asserts it is a Delaware corporation with its principal place of business in North Carolina.  Because Plaintiff is not an Ohio company, its insured is a California resident, the underlying tort occurred in California, Defendant is not an Ohio company, and there is no allegation in the Complaint that the injury arose from Defendant's contacts with the state of Ohio, (there is no allegation that Plaintiff bought the dryer in Ohio nor that it was shipped from Ohio) the Defendant argues the Court lacks personal jurisdiction over Defendant.

In deciding whether a court possesses personal jurisdiction, the court applies a two-step inquiry when examining if it has personal jurisdiction over the parties.  "First, we must determine whether Ohio law authorizes jurisdiction.  If it does, we must determine whether that authorization comports with the Due Process Clause of the Fourteenth Amendment." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*, 545 F.3d 357, 361 (6th Cir. 2008). Where personal jurisdiction is challenged, the plaintiff has the burden of establishing that personal jurisdiction exists.  *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974). However, the nature of plaintiff's burden changes depending on the manner in which the district court approaches the motion.  *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988).  When a court approaches a motion to dismiss for lack of personal

jurisdiction based solely on written materials and affidavits, "the burden on the plaintiff is relatively slight, . . . and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal[.]" *Ampco System Parking v. Imperial Parking Canada Corp.*, No. 1:11CV1172, 2012WL1066784, at *2 (N.D. Ohio Mar. 28, 2012) (quoting *Air Prods., & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). Plaintiff need only establish jurisdictional claims with "reasonable particularity" and the pleadings and affidavits are construed in the light most favorable to plaintiff. *Id*. The burden is on the plaintiff, however, to establish that jurisdiction exists, and the plaintiff may not merely stand on his pleadings in the face of a properly supported motion for dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff must set forth specific facts showing that the court has jurisdiction. *Id*. Therefore, dismissal is proper only if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

**Personal Jurisdiction**

Plaintiff bears the burden of establishing the Court's exercise of personal jurisdiction over Electrolux meets the requirements of both Ohio's long-arm statute and the limits of the Constitutional Due Process Clause. *Id*. Ohio's long-arm statute does not extend to the constitutional limits of the Due Process Clause; therefore, this becomes a threshold issue to determine jurisdiction. *Calphalon Corp. V. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).

Plaintiff contends this Court has personal jurisdiction over Defendant under Ohio's Long-Arm Statute codified in Ohio Revised Code Section 2307.382(A)(1), which reads in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

According to Plaintiff, Defendant sells and markets its products in Ohio, maintains offices in Ohio, and still lists its principal place of business as Ohio according to the Ohio Secretary of State's business registration information.

Defendant contends that Plaintiff's sole basis for personal jurisdiction over Defendant as alleged in Plaintiff's Complaint is that Defendant's principal place of business is within this district. However, Defendant has offered the affidavit of Michael Bell, Senior Associate General Counsel-Litigation for Electrolux, wherein Bell attests that Electrolux's principal place of business is Charlotte, North Carolina. Plaintiff offers no evidence contradicting Bell or supporting its own allegations that Ohio is Electrolux's principal place of business. Instead, it offers counsel's affidavit attesting that Electrolux's foreign corporation filing with the Ohio Secretary of State has not been updated and still shows Cleveland, Ohio as its principal place of business, in Ohio. Plaintiff offers no evidence concerning Electrolux's marketing and sales in Ohio. Therefore, even construing all the above in Plaintiff's favor, there is no dispute that Electrolux's principal place of business is not within this district. The foreign corporation filing merely shows that Electrolux is a foreign coporation and its principal place of business in Ohio was/is Cleveland.

The Court also notes its disapproval of Plaintiff's attempt to argue around its own pleading, now arguing that personal jurisdiction is proper because Defendant transacts business in Ohio when its Complaint is silent on the matter and instead bases jurisdiction

solely on the location of Defendant's principal place of business. There is no factual allegation that the dryer at issue was purchased in Ohio, marketed in Ohio or put in the stream of commerce from Ohio. In fact, the only relevance to Ohio is Plaintiff's unsupported allegation that Defendant's principal place of business is Ohio; an allegation refuted by Defendant's affidavit evidence. Defendant's evidence is unrebutted by any evidence of Plaintiff to the contrary. Therefore, Plaintiff has failed to make a prima facie showing that this Court has personal jurisdiction over Defendant.

Furthermore, O.R.C. § 2307.382(C) requires a causal connection between the alleged basis for personal jurisdiction over a defendant and the cause of action.

> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

See also *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.* 198 Fed.Appx. 425, 430, 2006 WL 2440849, 4 (6th Cir. 2006) ("defendant's actions in the state must be the proximate cause of the injury complained of...").

In the case at bar, the cause of action arises from a fire that occurred in California. There is no allegation in the Complaint, nor evidence produced by Plaintiff supporting the conclusion that some conduct by a non-Ohio Defendant, resulting in damages in California to a non-Ohio Plaintiff renders the Defendant amenable to suit in Ohio. Therefore, Plaintiff has failed to demonstrate that the Court has personal jurisdiction over Defendant.

Because Plaintiff has failed to meet its burden demonstrating personal jurisdiction under Ohio's long-arm statute the Court need not conduct a Due Process analysis. "Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze

jurisdiction under the state long-arm statute, and vice-versa." *Conn v. Zakharov,* 667 F.3d 705, 711 -712 (C.A.6 (Ohio),2012) *See also Brunner v. Hampson,* 441 F.3d 457, 467 (6th Cir.2006).

**Dismiss or Transfer**

Defendant argues that, should the Court find it has personal jurisdiction over Defendant, the appropriate venue is the Northern District of California where the fire occurred and where the fact witnesses reside. If the Court finds it lacks personal jurisdiction over Defendant, Defendant asks the Court to dismiss, with prejudice, Plaintiff's claims.[1] In opposing Defendant's Motion, Plaintiff asks that, should the Court find it lacks personal jurisdiction over Defendant, or should the Court determine there is a more appropriate venue, then transfer is preferable to dismissal.

When venue is improper a court shall transfer or dismiss pursuant to 28 U.S.C. § 1406(a), which states:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court may transfer a case for improper venue *sua sponte. Carver v. Knox County, Tenn.,* 887 F.2d 1287, 1291 (6th Cir.1989). However, before the Court determines whether venue is proper, it must first determine whether it has subject matter jurisdiction over the claims.

---

[1] If a court lacks personal jurisdiction over a defendant then a court may not transfer under 28 U.S.C. § 1404(a). Instead, a court may transfer under 28 U.S.C. § 1406(a). *Pittock v. Otis Elevator Co.* 8 F.3d 325, 329 (6th Cir. 1993).

6

28 U.S.C. § 1332 confers subject matter jurisdiction in a district court when the parties are diverse and the amount in controversy exceeds $75,000. There is no dispute Plaintiff and Defendant are residents of different states and the face of the Complaint alleges damages in excess of $117,000. Therefore, Allstate's Complaint, on its face, demonstrates this Court has subject matter jurisdiction based on diversity.

Pursuant to 28 U.S.C. § 1406(a), the district court shall transfer or dismiss any case wherein venue is improper. Here, the only basis for venue in the Northern District of Ohio is Plaintiff's false assumption that Defendant's principal place of business is Ohio. Instead, the incident resulting in Plaintiff's loss occurred in the Northern District of California, Plaintiff's insured resides in Northern California, as do all relevant fact witnesses.

Therefore, the Court transfers the above captioned case to the District Court for the Northern District of California for further adjudication.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: August 27, 2014